IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J&K CONSULTANTS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| DOWNEY REGIONAL MEDICAL CENTER - HOSPITAL, INC.; DOWNEY REGIONAL MEDICAL CENTER, INC.; INTERHEALTH CORP.; and PRESBYTERIAN INTERCOMMUNITY HOSPITAL, INC., | ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

COMPLAINT

AND NOW comes plaintiff, J&K Consultants, Inc. ("J&K Consultants"), by and through its undersigned counsel, and hereby files this Complaint against defendants Downey Regional Medical Center – Hospital, Inc., Downey Regional Medical Center, Inc., InterHealth Corp. and Presbyterian Intercommunity Hospital, Inc. (collectively "defendants"), averring as follows:

Parties

1. Plaintiff, J&K Consultants, Inc. ("J&K Consultants"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal office and place of business located at 2605 Nicholson Road, Suite 1140, Sewickley, Pennsylvania 15143.

2. J&K Consultants is in the business of health and welfare benefits consulting, including providing businesses with compliance and risk-management services relating to employee benefit programs.

{B1923733.1}

3.      Defendant, Downey Regional Medical Center – Hospital, Inc. ("DRMC-H"), is a nonprofit public benefit corporation organized and existing under the laws of the State of California, having a registered address at 12401 Washington Boulevard, Whittier, California 90602, and a principal place of business located at 11500 Brookshire Avenue, Downey, California 90241. DRMC-H owns and operates a 199-bed general acute care hospital at 11500 Brookshire Avenue, Downey, California 90241 (the "Hospital").

4.      In December 2012, DRMC-H had a sole member, defendant Downey Regional Medical Center, Inc. ("DRMC"), a nonprofit public benefit corporation organized and existing under the laws of the State of California, having a registered address and principal place of business located at 11500 Brookshire Avenue, Downey, California 90241.

5.      Defendant, InterHealth Corp., is a nonprofit public benefit corporation organized and existing under the laws of the State of California doing business as PIH Health ("InterHealth/PIH Health"), having a registered address and principal place of business located at 12401 Washington Boulevard, Whittier, California 90602.

6.      On October 1, 2013, DRMC-H entered into a Member Substitution Agreement with InterHealth/PIH Health in which InterHealth/PIH Health was substituted for DRMC as the sole member of DRMC-H.  InterHealth/PIH Health thus became the successor-in-interest to DRMC.  DRMC-H continued to own and operate the Hospital after the substitution transaction, maintaining all of the Hospital's assets and liabilities.

7.      Defendant, Presbyterian Intercommunity Hospital, Inc. ("Presbyterian Intercommunity") is a corporation organized and existing under the laws of the State of California, having a registered address at 12401 Washington Boulevard, Whittier, California 90602, and a principal place of business located at 11500 Brookshire Avenue, Downey,

California 90241. Upon information and belief, Presbyterian Intercommunity does business as PIH Health Hospital – Downey.

### Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, diversity of citizenship, in that the action is between citizens of different states and/or foreign states, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

9. Personal jurisdiction over all defendants is proper in this Court in that defendants and/or their predecessors in interest contacted J&K Consultants in December 2012 and subsequently entered into an agreement with J&K Consultants to provide consulting services to defendants and/or their predecessors in interest. Defendants knowingly initiated and created a continuous business relationship and obligations with a Pennsylvania citizen, J&K Consultants, that included, *inter alia*, J&K Consultants' provision of services from its office in Pennsylvania, defendants sending payments to J&K Consultants in Pennsylvania pursuant to their contractual relationship, and defendants sending correspondence and other communications to J&K Consultants in Pennsylvania in furtherance of that contractual relationship.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this matter occurred in the Western District of Pennsylvania, where J&K Consultants is located; and, in the alternative, pursuant to 28 U.S.C. § 1391(c) because defendants are subject to this Court's personal jurisdiction in the Western District of Pennsylvania.

Factual Background

11.  DRMC-H has operated as a nonprofit hospital entity since 1956, and at all relevant times has owned and operated a 199-bed general acute care hospital located at 11500 Brookshire Avenue, Downey, California 90241 (the "Hospital").

12.  In or about December 2012, DRMC-H employed approximately 876 employees at the Hospital, and offered those employees a self-insured group health plan for health and dental care (the "Employee Benefits Program" or the "Program").  DRMC-H chose a self-insured health care plan instead of paying a fixed premium to an insurance carrier as part of a fully-insured plan.  Self-insured health plans, like DRMC-H's Employee Benefits Program, are regulated under federal law, including by ERISA.

13.  As part of the self-insured Employee Benefits Program, DRMC-H, as the employer, used an operations account to pay claims.  DRMC-H assumed the financial risk of paying out of pocket the health care claims of its employees.

14.  DRMC-H, like many self-insured employers, also carried "stop-loss" (also known as "excess loss") insurance to cover it for claims above a specified dollar level.  Stop-loss insurance was particularly important for DRMC-H, as its financial reserves were already severely depleted following its emergence from bankruptcy in March 2012, and any unexpected employee health benefit costs could have exceeded DRMC-H's available cash flow.

15.  Instead of self-administering the Program, DRMC-H elected to administer its employee claims through an outside Third Party Administrator ("TPA").  As of December 2012, DRMC-H's TPA was Delta Health Systems, which coordinated many aspects of the Program, including DRMC-H's stop-loss insurance coverage, its provider network contracts and medical and prescription drug benefits.

16. Approaching December 2012, the Employee Benefits Program had already encountered numerous and significant problems arising out of DRMC-H's substantial cash flow and administrative practice issues. These problems were causing serious disputes with TPA Delta Health Systems, because DRMC-H was unable to properly process or fund reimbursement of employee claims. In addition, DRMC-H was operating without a Plan Document or Summary Plan Description, its stop-loss insurer, Sun Life Financial, was in the process of terminating coverage due to nonpayment of premiums, and the Program was generally noncompliant with both federal requirements and its responsibilities to Hospital employees.

17. As a result of these significant issues, Kenneth R. Strople, President and CEO of DRMC-H, and President of DRMC, contacted J&K Consultants in or around December 2012 to request that J&K Consultants provide emergency assistance to DRMC-H regarding its Employee Benefits Program.

18. After negotiations between Kevin J. O'Kane, President of J&K Consultants, and Mr. Strople, the parties reached an oral services agreement in early January 2013 (the "Contract").

19. As President and CEO of DRMC-H, as well as President of DRMC-H's sole member at the time, DRMC, Mr. Strople had actual or apparent authority to bind DRMC-H and DRMC to the Contract with J&K Consultants, and he in fact represented to J&K Consultants that he had such authority.

20. Under the general terms of the Contract, J&K Consultants agreed, *inter alia,* to evaluate the Employee Benefits Program on an emergency basis, make recommendations to resolve the serious and substantial immediate problems facing the Program, bring the Program into compliance with ERISA, attempt to salvage the frayed relationship with TPA Delta Health

{B1923733.1}                                                     5

Systems, and assist in implementing any changes DRMC-H chose to undertake both immediately and on a going-forward basis to prevent future reoccurrences of the issues facing DRMC-H.

21. To address some of the immediate problems, J&K Consultants agreed to negotiate directly with DRMC-H's existing service providers and with potentially interested insurance companies; and in addition, to gather and analyze any relevant information relating to DRMC-H's insurance contracts, plan documents, rates, schedules, surveys, questionnaires, reserves, retentions, and other financial data to evaluate current issues as well as those looming on the horizon.

22. In order to accomplish some of these tasks, J&K Consultants had to be appointed as DRMC-H's Broker of Record. Under the terms of the Contract, DRMC-H agreed that it would retain J&K Consultants as its consultant and as its Broker of Record for a period of not less than two years, beginning January 7, 2013. DRMC-H memorialized its agreement to retain J&K Consultants as its Broker of Record for the Employee Benefits Plan in letters sent on January 7, 2013 to TPA Delta Health Systems and to stop-loss insurer Sun Life Financial, attached hereto and incorporated herein as Exhibit "A."

23. DRMC-H did not have the cash flow available to pay J&K Consultants' consulting fees for the work requested, let alone any standard premium generally associated with a request for emergency services. Therefore, anticipating that J&K Consultants' work would be quite substantial early on and then ebb and flow after the emergencies were alleviated, and to better budget and manage its cash flow, DRMC-H agreed to compensate J&K Consultants at the flat rate of $25 per month per employee for the duration of the two year period.

24. DRMC-H represented to J&K Consultants that it had 876 employees in January 2013, and set J&K Consultants' compensation at $21,900 per month ($25 per employee per

month), for a total expected compensation of $525,600 for all work that J&K Consultants would be expected or requested to provide over the next two years, assuming the same employee level.

25.    After J&K Consultants was retained pursuant to the Contract and properly authorized to interact with Delta Health Systems and Sun Life Financial under the Broker of Record letters, it immediately began its work in January and February 2013 on a priority basis due to DRMC-H's dire circumstances.

26.    The services that J&K Consultants performed for DRMC-H included, but were not limited to, an extensive evaluation of its health care claims history, existing contracts, service providers and potential new service providers; negotiations with insurance carriers for in-force lines of coverage and/or coverage to be added; review of the existing plan documentation to bring it into compliance with ERISA; coordinating with the DRMC-H Human Resources department and benefits administrator Benefit Harbor to resolve issues with eligibility reporting; and analyzing funding procedures and claims administration in an effort to mediate disputes that existed between DRMC-H and TPA Delta Health Systems.

27.    Despite J&K Consultants' herculean efforts between January and March of 2013 to salvage the fractured relationship between DRMC-H and TPA Delta Health Systems, DRMC-H's continuing cash flow problems caused TPA Delta Health Systems to indicate that it may likely take the drastic and unusual step of terminating its TPA contract with DRMC-H.

28.    Therefore, in early March 2013 and at DRMC-H's specific request, J&K Consultants began to search for potential replacements for the TPA services offered by Delta Health Systems.  In furtherance of this objective, DRMC-H executed additional Broker of Record letters to entities such as Zurich, Transamerica, Superior Vision, Colonial Life and Lincoln Financial, appointing and authorizing J&K Consultants to solicit proposals for a new

TPA, for a new stop-loss insurer and for various benefits providers.  See letters dated March 8, 2013, attached hereto and incorporated herein as Exhibit "B."

29. As anticipated, Delta terminated its TPA contract with DRMC-H on April 3, 2013, retroactive to March 31, 2013.  As a result of this termination, portions of the DRMC-H Employee Benefits Program became effectively inaccessible to employees, since they no longer had any vehicle or mechanism available to process and administer medical and prescription claims.

30. At DRMC-H's additional emergency request, and pursuant to the Contract, J&K Consultants was able to implement a new prescription program within just four (4) days, an undertaking that generally takes weeks to complete.

31. Again at DRMC-H's emergency request, and pursuant to the Contract, J&K Consultants then evaluated potential new TPAs and negotiated for DRMC-H a final agreement with Benefit Administrative Systems, LLC ("BAS"), a TPA located in Chicago, Illinois.  J&K Consultants then facilitated the time-consuming transfer from Delta Health Systems to BAS in order to implement the new TPA program as quickly as possible and to minimize inconvenience to DRMC-H's employees.

32. Thereafter, on June 14, 2013, defendants DRMC-H, DRMC and Presbyterian Intercommunity entered into a Management Services Agreement under which Presbyterian Intercommunity would assume the management of the Hospital and provide a $10 million working capital loan, in anticipation of a Member Substitution Agreement that would substitute InterHealth/PIH Health as the sole member of DRMC-H.

33. Shortly thereafter, on July 1, 2013, and without the knowledge or consent of J&K Consultants, new DRMC-H CEO James R. West issued a Broker of Record letter appointing

Alliant Insurance Services, Inc. as broker of record for DRMC-H, and purporting to rescind all previous appointments.

34. J&K Consultants learned of this new Broker of Record letter in late July 2013, and immediately contacted DRMC-H to discuss and resolve the issue. However, DRMC-H did not respond, and did not pay J&K Consultants' invoices issued under the Contract for the months of July, August and September 2013.

35. On October 1, 2013, DRMC-H and InterHealth/PIH Health implemented the Member Substitution Agreement in which InterHealth/PIH Health was substituted for DRMC as the sole member of DRMC-H. DRMC-H continued ownership of the Hospital, which continued to operate without interruption, but DRMC-H was now being controlled and managed by InterHealth/PIH Health and Presbyterian Intercommunity.

36. Following implementation of the Member Substitution Agreement, J&K Consultants again contacted defendants on November 15, 2013 regarding the overdue invoices issued to DRMC-H pursuant to the Contract. In response, and in apparent acknowledgement of their obligation, defendants made two months' worth of the back payments due to J&K Consultants. However, as of that time, defendants had made only seven (7) of the contractual payments owed to J&K Consultants.

37. Defendants then contacted J&K Consultants in November 2013 and attempted to unilaterally and wrongfully terminate the Contract with DRMC-H effective December 1, 2013. Since then, defendants have neglected and/or refused to make any more of the continuing monthly payments due to J&K Consultants under the Contract.

38. Since December 1, 2013, J&K Consultants has repeatedly sought to have defendants honor their obligations under the Contract, and to make the back payments and forward payments owed, but defendants have continued their refusal to pay.

39. J&K Consultants has fully performed all of its obligations to DRMC-H and the other defendants under the Contract, and any and all conditions precedent to J&K Consultants' right to payment have been met.

Count I
Breach of Contract – All Defendants

40. The averments contained in paragraphs 1 through 39 above, are incorporated herein by J&K Consultants and reasserted as though set forth fully at length.

41. Defendant DRMC-H and J&K Consultants are parties to the Contract as alleged above. The other defendants are successors-in-interest to the obligations of DRMC-H and thereby bound to the Contract with J&K Consultants.

42. The actions and omissions of all defendants in failing and/or refusing to pay J&K Consultants in full for its consulting services pursuant to the Contract constitutes a breach of defendants' obligations under the Contract to J&K Consultants.

43. Defendants have further breached the Contract by terminating or attempting to terminate the Contract wrongfully and without cause, and by unilaterally and without consent of J&K Consultants, appointing a new broker of record.

44. J&K Consultants has been damaged by defendants' breaches, and as a direct and proximate result, has been damaged in an amount of not less than $394,200.

WHEREFORE, plaintiff, J&K Consultants, respectfully requests that judgment be entered in its favor and against all defendants in an amount of not less than $394,200, plus pre-judgment interest and such other and further relief as the Court may deem just and equitable under the circumstances.

## Count II
### Unjust Enrichment/Quantum Meruit – All Defendants

45. The averments contained in paragraphs 1 through 44, above, are incorporated herein by J&K Consultants and reasserted as though set forth fully at length.

46. In the alternative, J&K Consultants is entitled to the fair value of the services it provided to defendants.

47. As outlined above, defendants have received, enjoyed and benefitted from the services provided by J&K Consultants for consulting services and for service as DRMC-H's Broker of Record, and particularly the services rendered during extreme and emergency situations.

48. Allowing defendants to accept, enjoy and benefit from the services of J&K Consultants without paying for those services would result in unjust enrichment to defendants for the value of those services and costs in the present amount of not less than $394,200.

49. J&K Consultants is entitled to be paid the full value for the services provided, along with the other costs incurred for the benefit of defendants.

WHEREFORE, plaintiff, J&K Consultants, respectfully requests that judgment be entered in its favor and against all defendants, in an amount of no less than $394,200, plus pre-judgment interest and such other and further relief as the Court may deem just and equitable under the circumstances.

{B1923733.1}                                  11

Count III
Intentional Interference with Contractual Relationship
<u>DRMC, InterHealth/PIH Health and Presbyterian Intercommunity</u>

50. The averments contained in paragraphs 1 through 49, above, are incorporated herein by J&K Consultants and reasserted as though set forth fully at length.

51. Defendants DRMC, InterHealth/PIH Health and Presbyterian Intercommunity had knowledge of the contractual relationship between DRMC-H and J&K Consultants.

52. Defendants DRMC, InterHealth/PIH Health and Presbyterian Intercommunity have improperly, and without privilege, interfered with the contractual relationship between DRMC-H and J&K Consultants by inducing DRMC-H to terminate or attempt to terminate its contractual relationship with J&K Consultants.

53. The wrongful and improper conduct of said defendants as described herein was intentional, willful, wanton and/or committed with reckless disregard of J&K Consultants' contractual rights and common law rights and protected interests.

54. As a proximate result of the tortious interference of defendants DRMC, InterHealth/PIH Health and Presbyterian Intercommunity, J&K Consultants has been injured and suffered harm with respect to its contractual relationship with DRMC-H.

WHEREFORE, plaintiff, J&K Consultants, respectfully requests that judgment be entered in its favor and against defendants, DRMC, InterHealth/PIH Health and Presbyterian Intercommunity, in an amount of no less than $394,200, plus pre-judgment interest, and such other and further relief as the Court may deem just and equitable under the circumstances.

        BABST, CALLAND,
        CLEMENTS & ZOMNIR, P.C.

By    /s/Molly E. Meacham
        Leonard Fornella
        PA I.D. No. 27921
        lfornella@babstcalland.com
        Molly E. Meacham
        PA I.D. No. 318272
        mmeacham@babstcalland.com

        Two Gateway Center
        Sixth Floor
        Pittsburgh, Pennsylvania 15222
        (412) 394-5400

        Attorneys for Plaintiff,
        J&K Consultants, Inc.